IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TODD F. ETTER, HOLLIS M. GREENLAW, MICHAEL K. WILSON, and BEN WISSINK, | § § § | No. 280, 2020 |
| | § | |
| Defendants Below, | § | Court Below—Court of Chancery |
| Appellants, | § | of the State of Delaware |
| | § | |
| v. | § | C.A. No. 12541 |
| | § | |
| DAVID C. FANNIN and LUCILLE S. FANNIN as CO-TRUSTEES of the DAVID C. FANNIN REVOCABLE TRUST DATED AUGUST 3, 1995 and the LUCILLE STEWART FANNIN REVOCABLE TRUST DATED AUGUST 3, 1995, | § § § § § § § § § | |
| | § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted: September 1, 2020
Decided: September 11, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## <u>**ORDER**</u>

After careful consideration of the notice of interlocutory appeal, the supplemental notice of interlocutory appeal, and the exhibits to those notices, it appears to the Court that:

(1)    This appeal arises from a Court of Chancery opinion granting in part and denying in part a motion to dismiss.  The following background is relevant to the Court of Chancery's ruling.

(2)     On April 29, 2019, the plaintiffs below-appellees David C. Fannin and Lucille S. Fannin as Co-Trustees of the David C. Fannin Revocable Trust Dated August 3, 1995 and the Lucille Stewart Fannin Revocable Trust Dated August 3, 1995 ("the Plaintiffs") filed their second-amended derivative and class action complaint ("the Complaint"). The Complaint arose from real estate development loans made by United Development Funding, III, L.P. ("UDF III" or "the Partnership"). The Complaint asserted claims on behalf of the Partnership and its limited partners against: (i) UMTH Land Development, L.P. ("UMTH LD" or "the General Partner"), the general partner of the Partnership; (ii) UMT Services, Inc., the general partner of the General Partner; (iii) certain entities affiliated with the General Partner; and (iv) the defendants below-appellants Todd F. Etter, Hollis M. Greenlaw, Michael K. Wilson, and Ben Wissink, who were alleged to control the General Partner (collectively, the "Individual Defendants").[1]

(3)     The Plaintiffs alleged that the General Partner, UMT Services, and the Individual Defendants owed and breached their fiduciary duties to the Partnership and its limited partners. The Plaintiffs also alleged that affiliates of the General Partner aided and abetted the breaches of fiduciary duty alleged in the Complaint and were unjustly enriched. The defendants filed two separate motions to dismiss

---

[1] The Complaint named additional individual defendants who were dismissed from the litigation in the interlocutory opinion and who are not parties to this appeal.

2

the Complaint. In their motion to dismiss, the Individual Defendants argued that they did not owe fiduciary duties to the Partnership or its limited partners. They urged the Court of Chancery not to follow *In re USACafes, L.P. Litig.*[2] or its progeny, which hold that those who control a general partner owe fiduciary duties to the limited partnership.

(4)     On July 31, 2020, the Court of Chancery issued an opinion granting in part and denying in part the motions to dismiss ("the Opinion").[3] As to the Individual Defendants, the Court of Chancery applied *USACafes* and held that the Complaint adequately alleged that the Individual Defendants owed and breached their fiduciary duties to UDF III and its limited partners.[4] As to the entity defendants, the Court of Chancery concluded that most of the Plaintiffs' claims survived the motion to dismiss.[5]

(5)     The Individual Defendants filed an application for certification of an interlocutory appeal. They argued that *USACafes* conflicted with Delaware law and merited guidance from this Court. The Plaintiffs opposed the application.

(6)     The Court of Chancery denied the application for certification.[6] The Court of Chancery first found that the Opinion did not decide a substantial issue

---

[2] 600 A.2d 43 (Del. Ch. 1991).
[3] *Fannin v. UMTH Land Dev., L.P.*, 2020 WL 4384230 (Del. Ch. July 31, 2020). The opinion was corrected on August 28, 2020.
[4] *Id.* at *17-20.
[5] *Id.* at *11-17, 20-34.
[6] *Fannin v. UMTH Land Dev., L.P.*, 2020 WL 5198356 (Del. Ch. Aug. 28, 2020).

relating to the merits of the case because there was no final determination of the merits of the Plaintiffs' claims in the Opinion.[7] As to the Rule 42(b)(iii) criteria, the Court of Chancery rejected the Individual Defendants' contentions that the Opinion (as opposed to *USACafes*) involved a question of law resolved for the first time in Delaware (Rule 42(b)(iii)(A)), the decisions of the trial courts were conflicting on the legal question of whether those who control a general partner can owe fiduciary duties to a limited partnership or limited partners (Rule 42(b)(iii)(B)), and that certification would serve considerations of justice (Rule 42(b)(iii)(H)).[8] The Court of Chancery emphasized that this Court has previously declined opportunities to review the *USACafes* holding on an interlocutory basis (including in *USACafes*) and that the Individual Defendants would most likely remain subject to discovery even if they were dismissed from the case after an interlocutory appeal.[9]

(7)     Applications for interlocutory review are addressed to the sound discretion of the Court.[10] In the exercise of our discretion and giving due weight to the Court of Chancery's well-reasoned denial of the application for certification, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional

---

[7] *Id.* at *2.
[8] *Id.* at *3-5.
[9] *Id.*
[10] Supr. Ct. R. 42(d)(v).

4

circumstances that would merit interlocutory review of the Court of Chancery's interlocutory opinion do not exist in this case,[11] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[12]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED. The filing fee paid by the appellants shall be applied to any future appeal they file from a final order entered in the case.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[11] Supr. Ct. R. 42(b)(ii).
[12] Supr. Ct. R. 42(b)(iii).